**Anatoli CHIPILO, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,[1] Respondent.**

No. 08–1607–ag.

United States Court of Appeals, Second Circuit.

April 27, 2009.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

18

Michael P. DiRaimondo, Marialaina L. Masi, Stacy A. Huber, Melville, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Shelley R. Goad, Senior Litigation Counsel; Terri León–Benner, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

. Petitioner Anatoli Chipilo, a native of Russia and a citizen of Belarus, seeks review of the March 11, 2008 order of the BIA denying his motion to reopen. *In re Anatoli Chipilo,* No. A70 580 658 (B.I.A. Mar. 11, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Here, we find that the BIA did not abuse its discretion in denying Chipilo's motion to reopen as untimely.

A motion to reopen must be filed within ninety days after the date on which a final administrative decision was rendered in the proceeding sought to be reopened. *See* 8 C.F.R. § 1003.2(c)(2). However, the time limitation will not apply to a motion to reopen proceedings to apply for asylum "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

Here, it is undisputed that Chipilo's November 2007 motion to reopen was not filed within ninety days of the BIA's September 2003 final order of removal. The BIA found that Chipilo had not provided evidence that Baptists in Belarus face a greater threat than at the time of his hearing. Although Chipilo argues that the 2005 amendment to the Belarus Criminal Code represents a change in circumstances, he fails to explain how this affects the situation of Baptists in particular. Because Chipilo does not indicate anything in the record that demonstrates a change in country conditions that is material to his claim of religious persecution, the BIA did not abuse its discretion in denying his motion to reopen on that basis. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001).

To the extent that Chipilo argues that his proceedings should be reopened to consider his claim of a well-founded fear of persecution on account of the Belarusian government's awareness of his application for asylum in the United States, the BIA found that: (1) he had not provided a new application or statement articulating his new claim; (2) the U.S. Embassy did not disclose information sufficient to give rise to a reasonable inference that he had applied for asylum; and (3) his evidence could have been produced during his hearing.

We find that the BIA properly relied on Chipilo's failure to provide "a new application or his own personal statement articulating this new risk of persecution" as one of the grounds on which to base its denial of his motion to reopen. *See* 8 C.F.R. § 1003.2(c)(1). Moreover, even if Chipilo had demonstrated that the consular investigation regarding the authenticity of his "psychiatric certificate" violated 8 C.F.R. § 208.6, he failed to establish that the investigation gave rise to a reasonable inference that he had applied for asylum. *See Zhen Nan Lin v. U.S. Dep't of Justice*, 459 F.3d 255, 264–65 (2d Cir.2006). Consequently, the BIA did not abuse its discretion in denying Chipilo's motion to reopen based on his fear of persecution under the 2005 amendment to the Belarus Criminal Code.

Although the BIA's finding that the evidence provided in support of this claim could have been produced at the time of the hearing is erroneous, considering the date of the 2005 amendment, we decline to remand as we can "confidently predict" that the BIA would reach the same decision absent the error that was made. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.